STATE of Wisconsin, Plaintiff-Respondent,

v.

Robert C. KNIGHT, Defendant-Appellant.†

Court of Appeals

*No. 99–0368–CR. Submitted on briefs November 19, 1999.—Decided December 15, 1999.*

## 2000 WI App 16

(Also reported in 606 N.W.2d 291.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the brief of *Scott B. Taylor* of *Lucas, Wilkoski & Taylor* of West Allis.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Sally L. Wellman*, assistant attorney general.

Before Brown, P.J., Nettesheim and Snyder, JJ.

¶ 1. NETTESHEIM, J. The issue is whether the client files of disbarred attorney Robert C. Knight were legally seized and then searched pursuant to

Supreme Court Rule 22.271(2)(a) and (b) (West 1998). Information from one of the files formed the basis for a criminal prosecution against Knight that resulted in a conviction for felony embezzlement pursuant to § 943.20(1)(b) and (3)(c), STATS. We uphold the ruling of Judge John R. Race that an order issued by Judge James L. Carlson appointing Attorney Randall Garczynski as the trustee attorney for the files pursuant to SCR 22.271(2)(a) and Garczynski's later seizure and search of the files constituted governmental conduct that is subject to the law of search and seizure. We also uphold Judge Race's further ruling that no search or seizure occurred within the meaning of the Fourth Amendment because the files had been abandoned. Therefore, we reject Knight's appellate claim that the search was illegal. We affirm the judgment of conviction.

### *Facts*

¶ 2.   The relevant facts are not in dispute. Knight is a disbarred attorney who was serving a prison sentence during the times relevant to this case. During the course of another criminal proceeding involving Knight, Walworth County Circuit Judge James L. Carlson received information that a person identified as Meg Sorenson, a former employee of Knight, had possession of Knight's client files at her home. This information also revealed that Sorenson was intending to dispose of the files by putting them out on the curb for disposal. Concerned about the confidentiality of the files, Judge Carlson's office contacted Attorney Randall Garczynski, then the president of the Walworth County Bar Association. In response, Garczynski contacted an ethics specialist with the State Bar of Wisconsin. The specialist recommended that Garczyn-

ski should proceed pursuant to SCR 22.271(2).[1] This Rule provides that when a sole practitioner attorney has abandoned the practice of law for at least twenty-one days, any interested person or person licensed to practice law in Wisconsin may file a petition in the circuit court alleging such abandonment and that no satisfactory arrangements have been made to continue the practice.[2] The Rule further provides that upon a finding that the attorney has abandoned the practice, and if no other satisfactory arrangements have been made to continue the practice, the circuit court shall appoint a trustee attorney who may take action to, among other things, "[p]rotect the clients' rights, files and property." *Id.* at (b)1.

¶ 3. Garczynski conveyed the specialist's recommendation to Judge Carlson who, in turn, directed Garczynski to file a petition pursuant to SCR 22.271(2)(a). Garczynski did so and served Knight with a copy of the petition. Knight did not appear at the scheduled hearing, and Judge Carlson issued an order appointing Garczynski as attorney trustee and directing him to take charge of the files.

¶ 4. Garczynski then contacted Meg Sorenson and made arrangements to take possession of the files. He went to Sorenson's residence and, with Sorenson's help, removed the files from a garage attic. Garczynski

---

[1] It appears that Knight had not previously complied with the provisions of Supreme Court Rule 22.26 (West 1998), which set out the duties of an attorney whose license to practice law has been suspended or revoked. These duties include notification to the former attorney's clients of the license suspension or revocation.

[2] Supreme Court Rule 22.271(2) also covers the situation when a sole practitioner attorney has disappeared for a period of not less than twenty-one days.

took the files to his office and reviewed them. One of the files concerned the Estate of Ruby B. Karlen. Knight was the personal representative of this estate and also the trustee of a trust created by Karlen's will. Garczynski conducted an audit of the file, which revealed that approximately $78,000 was missing from the trust fund. Further investigation revealed that Knight's reports of payments to a beneficiary were, in fact, not made to the beneficiary.

¶ 5. Based upon this information, the State charged Knight with felony embezzlement pursuant to § 943.20(1)(b) and (3)(c), STATS. Knight waived a preliminary hearing and the State filed an information alleging the same offense. The case was assigned to Judge John R. Race. Knight then brought a motion to suppress the evidence resulting from Garczynski's appointment as the trustee attorney pursuant to SCR 22.271(2)(a). The State argued on a threshold basis that the seizure and search of the files were not conducted under color of state action. Judge Race disagreed. However, Judge Race ultimately ruled that no search had occurred because Knight had abandoned the property. Later, Knight pled guilty to the offense and a judgment of conviction was entered. Knight appeals.

### *Discussion*

#### *1. Governmental Action*

¶ 6. We begin by briefly considering a matter that was at issue in the trial court but is not disputed on appeal. The State disavows the argument made by the assistant district attorney in the trial court that Garczynski's actions under SCR 22.271(2) were not

subject to the law of search and seizure because Garczynski was not a police officer or a police agent.

¶ 7.   On appeal, the State correctly notes that the proper inquiry is whether the search was governmental conduct, not whether the search was police conduct. *See State v. Bembenek*, 111 Wis. 2d 617, 631, 331 N.W.2d 616, 624 (Ct. App. 1983). "The strictures of the Fourth Amendment, applied to the States through the Fourteenth Amendment, have been applied to the conduct of governmental officials in various civil activities. . . . Searches and seizures by government employers or supervisors of the private property of their employees, therefore, are subject to the restraints of the Fourth Amendment." *O'Connor v. Ortega*, 480 U.S. 709, 714–15 (1987). These protections have been applied in school search situations, *see New Jersey v. T.L.O.*, 469 U.S. 325, 334–37 (1985); building inspections, *see Camara v. Municipal Court*, 387 U.S. 523, 528–34 (1967); and inspections conducted under the Occupational Safety and Health Act, *see Marshall v. Barlow's, Inc.*, 436 U.S. 307, 311–15 (1978).

■

¶ 8.   Here, Garczynski's seizure and search of Knight's client files were conducted pursuant to an order issued by Judge Carlson under the authority conferred on the circuit courts by the Wisconsin Supreme Court in Rule 22.271(2). The courts are an arm of the government. Therefore, Judge Race correctly ruled, and the State properly concedes, that Garczynski's conduct was governmental. As such, it must comport with the Fourth Amendment.[3]

---

[3] Knight raises no claim under the Wisconsin Constitution. However, absent a claim that the Wisconsin Constitution confers greater protection, our supreme court has routinely interpreted state search and seizure law in conformity with

## 2. *Legality of Seizure and Search*

¶ 9.   A person who invokes the protections of the Fourth Amendment must first establish a legitimate expectation of privacy in the object that was searched. By a preponderance of the evidence, the challenger must establish both a subjective expectation of privacy and that the expectation is legitimate and reasonable. *See State v. Whitrock*, 161 Wis. 2d 960, 972, 468 N.W.2d 696, 701 (1991); *see also Rawlings v. Kentucky*, 448 U.S. 98, 104 (1980). If the challenger fails to satisfy this burden, there has been no search within the meaning of the Fourth amendment. *See Whitrock*, 161 Wis. 2d at 992, 468 N.W.2d at 710.

¶ 10.   In reviewing a trial court's ruling on a motion to suppress, we will uphold the court's factual findings unless they are clearly erroneous. However, the question of whether a search was reasonable under the Fourth Amendment is a question of law which we review de novo. *See id.* at 973, 468 N.W.2d at 701.

¶ 11.   Whether Knight had a reasonable expectation of privacy is determined by looking to the totality of the circumstances. *See id.* at 989, 468 N.W.2d at 709. In doing that, we must balance the societal interests permitting the governmental conduct at issue against Knight's privacy interests in the materials searched. *See id.* As with every search and seizure, the benchmark is reasonableness. We ask whether the individual's expectations and interests were reasonable, and we ask whether the governmental conduct was

federal law on the topic. *See, e.g., State v. Meyer*, 216 Wis. 2d 729, 738 n.7, 576 N.W.2d 260, 265 (1998).

reasonable. *See State v. Andrews*, 201 Wis. 2d 383, 403 & n.13, 549 N.W.2d 210, 218 (1996).

¶ 12. Knight owed a fiduciary duty to his clients. *See Marten Transp., Ltd. v. Hartford Specialty Co.*, 194 Wis. 2d 1, 13–14, 533 N.W.2d 452, 455 (1995) ("The relationship of attorney and client is one of agency. The *Restatement (Second) of Agency* § 1(1) (1958) defines 'agency' as 'the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act.") (citation omitted; footnote omitted).[4] *See also In re Law Examination of 1926*, 191 Wis. 359, 362, 210 N.W. 710, 711 (1926). Knight owed the same fiduciary duty in his role as trustee of the Karlen trust. *See Hammes v. First Nat'l Bank & Trust Co.*, 79 Wis. 2d 355, 368–69, 255 N.W.2d 555, 562 (1977).

¶ 13. Despite this duty, Knight took no steps to protect the integrity of his clients' files following his disbarment and imprisonment. More importantly to the law of search and seizure, the files ended up in the garage attic of a third party who was preparing to place the files at curbside for disposal. When assessing a person's claim of a reasonable expectation of privacy in property, the courts look, among other factors, to whether the person exercised dominion and control over the property. *See Whitrock*, 161 Wis. 2d at 989, 468 N.W.2d at 709. When a person turns material over to a third party, that person has no Fourth Amendment protection if the third party reveals or conveys it to governmental authorities. In such a setting, it does not

---

[4] While attorneys are agents of their clients, they serve as independent contractors as to their services. *See Marten Transp., Ltd. v. Hartford Specialty Co.*, 194 Wis. 2d 1, 13 n.4, 533 N.W.2d 452, 455 (1995).

matter whether the person had a subjective belief or expectation that the third party would not betray him or her. *See United States v. Jacobsen*, 466 U.S. 109, 117–18 (1984).

¶ 14.   In short, Knight abandoned his clients' files, just as he had abandoned his clients. He failed to exercise the requisite degree of dominion and control over the files–a matter aggravated by the fact that he owed his clients and the trust beneficiary a fiduciary duty. Instead, a third party ended up in possession of the files and she destined them for the garbage heap. We uphold Judge Race's ruling that the property was abandoned and that no search occurred.[5]

### *Conclusion*

¶ 15.   We uphold Judge Race's ruling that Garczynski's seizure and search of Knight's client files was governmental conduct. We also uphold the judge's determination that no search occurred because Knight had abandoned the property. We affirm the judgment of conviction.

---

[5] Knight also contends that the suppression hearing explored only whether there was governmental conduct—not whether he had abandoned the property. We disagree. While the question of whether there was governmental conduct was at issue at the motion hearing, Garczynski also testified concerning the circumstances surrounding the seizure of the files and his later examination of them. Moreover, after the trial court ruled that the property was abandoned and that no search had occurred, Knight did not contend that there was a need for further evidence. We therefore reject Knight's argument that we should remand for further evidentiary proceedings on this question.

*By the Court.*—Judgment affirmed.