Kristy Haferman, Toby Haferman, Sr., Toby Haferman, Jr., a minor, by his Guardian ad Litem, and Richard H. Schulz, Plaintiffs-Respondents-Petitioners,

v.

St. Clare Healthcare Foundation, Inc. d/b/a St. Clare Hospital, Wisconsin Hospital Association and Wisconsin Patients Compensation Fund, Defendants,

Donald W. Vangor, M.D., and Physicians Insurance Company of Wisconsin, Defendants-Appellants.

Supreme Court

*No. 2003AP1307. Oral argument September 28, 2005. —Decided December 30, 2005.*

2005 WI 171

(Also reported in 707 N.W.2d 853.)

622

For the plaintiffs-respondents-petitioners there were briefs by *Jeremi K. Young* and *Rasansky Law*

*Firm,* Dallas, TX; and *Richard Schulz* and *Schulz, Duffey & O'Brien,* Milwaukee, and oral argument by *Sean Duffey.*

For the defendants-appellants there was a brief by *David J. Pliner* and *Corneille Law Group, LLC,* Madison, and *Michael B. Van Sicklen, Naikang Tsao* and *Foley & Lardner LLP,* Madison, and oral argument by *Naikang Tsao.*

An amicus curiae brief was filed by *David E. Mc-Farlane, Sheila M. Sullivan* and *Bell, Gierhart & Moore, S.C.,* Madison, on behalf of Wisconsin Patients Compensation Fund.

An amicus curiae brief was filed by *Mitchell Hagopian,* Madison, on behalf of the Wisconsin Coalition for Advocacy.

An amicus curiae brief was filed by *Lynn R. Laufenberg* and *Laufenberg & Hoefle, S.C.,* Milwaukee, on behalf of The Wisconsin Academy of Trial Lawyers, and there was oral argument by *Lynn R. Laufenberg.*

¶ 1. ANN WALSH BRADLEY, J.   The petitioners, Toby Haferman, Jr., and his parents ("the Hafermans"), seek review of a published court of appeals decision reversing a circuit court order that allowed Toby's medical malpractice action to proceed as timely filed.[1] The court of appeals concluded that, even though Toby was a developmentally disabled child, the general three-year statute of limitations for medical malpractice actions applied to bar the action as untimely. It determined that other statutes of limitations applicable to children did not, by their plain language, apply to Toby's medical malpractice action.

---

[1] *See Haferman v. St. Clare Healthcare Found.,* 2004 WI App 206, 277 Wis. 2d 156, 689 N.W.2d 636 (reversing an order of the circuit court for Sauk County, Daniel S. George, Judge).

¶ 2.   We agree with the court of appeals that the text of the other statutes precludes their application. However, we disagree that the general three-year statute of limitations applies. We conclude that the legislature has not provided an applicable statute of limitations for a claim against a health care provider alleging injury to a developmentally disabled child. Therefore, Toby's action is not time-barred. We reverse the court of appeals and remand to the circuit court for further proceedings.

I

¶ 3.   The Hafermans filed this action on September 4, 2002, against several defendants, including Dr. Donald Vangor, Physicians Insurance Company of Wisconsin, St. Clare Hospital, and Wisconsin Hospital Association. According to the allegations in the complaint, Toby was born on February 10, 1991, making him 11 years old at the time the complaint was filed.

¶ 4.   The Hafermans alleged that, as a result of the defendants' negligence on or about the date of Toby's birth, Toby sustained a developmental disability along with other harm.[2] According to the Hafermans, the disability from which Toby suffers is cerebral palsy, which occurred because Toby was denied oxygen to his brain during critical moments just before and after his birth.

¶ 5.   St. Clare Hospital and the Wisconsin Hospital Association moved for summary judgment, arguing that Toby's action was barred by the applicable statute of limitations. Dr. Vangor and Physicians Insurance

_____

[2] The complaint also alleged a claim by Toby's parents for loss of companionship and medical expenses.

Company of Wisconsin also moved for summary judgment and asserted a statute of limitations defense.

¶ 6. The circuit court denied the motions, after briefing and oral argument. It recognized that Toby's action potentially implicated three statutes of limitations, Wis. Stat. §§ 893.55, 893.56, and 893.16 (2003–04).[3] In order to put both the circuit court's decision and the court of appeals decision in context, we set forth key portions of each of the statutes.

¶ 7. Section 893.55(1) is the general statute of limitations for actions against health care providers. It includes a three-year limitation period running from the date of injury, along with a discovery rule that is limited by a five-year period of repose:

> Except as provided by [subsections that are not relevant here], an action to recover damages for injury arising from any treatment or operation performed by, or from any omission by, a person who is a health care provider, regardless of the theory on which the action is based, shall be commenced within the later of:
>
> (a) Three years from the date of the injury, or
>
> (b) One year from the date the injury was discovered or, in the exercise of reasonable diligence should have been discovered, except that an action may not be commenced under this paragraph more than 5 years from the date of the act or omission.

¶ 8. Section 893.56, entitled "Health care providers; minors actions," generally provides that children

---

[3] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted. At times, we refer to Wis. Stat. §§ 893.55, 893.16, and 893.56 generically as statutes of limitations, even though at least some aspects of the statutes may be more properly characterized as a statute of repose or as a tolling provision.

must bring claims against health care providers either within the time limits prescribed by § 893.55 or by the age of 10 years, whichever is later. However, § 893.56 specifically appears to except from its purview those children who are under a developmental disability. It reads as follows:

> Any person under the age of 18, who is not under disability by reason of insanity, developmental disability or imprisonment, shall bring an action to recover damages for injuries to the person arising from any treatment or operation performed by, or for any omission by a health care provider within the time limitation under s. 893.55 or by the time that person reaches the age of 10 years, whichever is later. That action shall be brought by the parent, guardian or other person having custody of the minor within the time limit set forth in this section.

¶ 9.   Section 893.16(1) is a tolling statute that may extend a limitation period, including when the person entitled to bring an action is a child. The text of § 893.16(1), however, specifically states that its provisions do not apply to a child's action against a health care provider:

> Person under disability. (1) If a person entitled to bring an action is, at the time the cause of action accrues, either under the age of 18 years, *except for actions against health care providers;* or mentally ill, the action may be commenced within 2 years after the disability ceases, except that where the disability is due to mental illness, the period of limitation prescribed in this chapter may not be extended for more than 5 years.

(Emphasis added.)

¶ 10.   The circuit court observed that the interplay of these three statutes created a "very difficult conundrum" as applied to Toby. It attempted to look to

628

§ 893.56 as the statute which the legislature had apparently created to govern actions by young children against health care providers, but determined that § 893.56 could not apply to Toby because it specifically exempts minors with developmental disabilities.

¶ 11. Ultimately, the circuit court reasoned, § 893.16 must apply to Toby in order to avoid what the court viewed as an absurd result if the general three-year statute of limitations in § 893.55 were applied:

> The rule of statutory construction that I think is the most appropriate in this particular situation is that we should avoid an interpretation that leads to an absurd or illogical result. And in going from the provisions of Section 893.56, if we were to resort back to § 893.55, we would achieve just that, an absurd and illogical result, because that would require a more disabled child to be controlled by a more restrictive statute of limitations, and that makes absolutely no sense whatsoever.

¶ 12. Thus, in order to avoid what it viewed as an absurd and illogical result, the circuit court felt compelled to rewrite § 893.16. Specifically, the court's construction excised from § 893.16(1) the phrase "except for actions against health care providers." It did so in order to avoid application of the general three-year statute of limitations. As the circuit court explained, application of the general statute would have resulted in Toby being subject to a shorter statute of limitations than would have applied to Toby if he were not developmentally disabled.[4]

---

[4] The circuit court relied on a federal court decision that used a similar approach in a case presenting nearly identical facts. *See generally Zielke v. Wausau Mem'l Hosp.*, 529 F. Supp. 571 (W.D. Wis. 1982).

¶ 13. After Dr. Vangor and Physicians Insurance Company successfully sought leave to appeal, the court of appeals reversed the circuit court in a split decision. The court of appeals majority, unlike the circuit court, determined that § 893.16(1) could not apply to Toby because the plain language of the statute exempted children who sue health care providers from the statute's tolling provisions.

¶ 14. Rather, the court of appeals majority concluded, the general statute of limitations applied to Toby's action, which had been filed long past the expiration of the three-year period prescribed by § 893.55(1)(a). The court of appeals majority nonetheless recognized that the application of § 893.55 to Toby produced a "troubling" result. Specifically, it noted that "[t]he result in this case is troubling given that the legislature has, through Wis. Stat. § 893.56, provided more time for young children to file medical malpractice suits than the three years provided in Wis. Stat. § 893.55(1)(a)."[5]

II

¶ 15. The issue we must decide is what statute of limitations applies to a claim against a health care provider alleging injury to a developmentally disabled child. This issue requires that we seek to interpret and apply §§ 893.16, 893.56, and 893.55. It presents a ques-

[5] The quoted language comes from the final published version of the court of appeals decision. See Haferman, 277 Wis. 2d 156, ¶ 13 n.5. Prior to publication, the court of appeals majority had initially gone further, characterizing the result as "absurd and illogical."

630

tion of law subject to independent appellate review. *Hess v. Fernandez,* 2005 WI 19, ¶ 36, 278 Wis. 2d 283, 692 N.W.2d 655.

¶ 16.   We begin our examination of the statutory provisions by analyzing the constructions of § 893.16 and § 893.56 that the Hafermans and the defendants, respectively, advance. After determining that those constructions cannot be supported by the plain language of the statutes, we turn to the history of the statutes, which the court has previously discussed in *Storm v. Legion Insurance Co.,* 2003 WI 120, 265 Wis. 2d 169, 665 N.W.2d 353, and *Aicher v. Wisconsin Patients Compensation Fund,* 2000 WI 98, 237 Wis. 2d 99, 613 N.W.2d 849.

¶ 17.   Ultimately, we determine that Toby's action is not time-barred because the legislature has not provided an applicable statute of limitations for claims against a health care provider alleging injury to a developmentally disabled child. We note, however, that even in the absence of a statute of limitations, the common law doctrine of laches may, in appropriate cases, be a bar to such claims.

III

¶ 18.   There is no dispute that if § 893.56 or § 893.55 applies to Toby, his cause of action is time-barred. Conversely, there is no dispute that if § 893.16 applies to Toby, his cause of action was timely.

¶ 19.   What is disputed is which of the three statutes of limitations applies to Toby. The Hafermans assert that the applicable statute is § 893.16. In contrast, the defendants assert that the applicable statute is § 893.56. No party advances the application of § 893.55 that the court of appeals embraced.

■

¶ 20.   The fundamental goal of statutory interpretation is to discern the intent of the legislature. *Storm,* 265 Wis. 2d 169, ¶ 15. In seeking to achieve this goal, we must begin with the statutory language. *Hess,* 278 Wis. 2d 283, ¶ 36.

■

¶ 21.   We examine first the Hafermans' assertion that § 893.16 applies and test that assertion in light of the plain language of the statute. Section 893.16, which may extend a limitation period for a child entitled to bring an action that accrues while the child is under the age of 18, provides as follows:

> Person under disability. (1) If a person entitled to bring an action is, at the time the cause of action accrues, either under the age of 18 years, *except for actions against health care providers;* or mentally ill, the action may be commenced within 2 years after the disability ceases, except that where the disability is due to mental illness, the period of limitation prescribed in this chapter may not be extended for more than 5 years.

(Emphasis added.)

¶ 22.   The Hafermans argue that § 893.16 applies to Toby as a "person under disability." They assert that Toby is under two disabilities:   (1) the disability of minority, and (2) the disability of being developmentally disabled. Under the plain language of § 893.16, the Hafermans assert, Toby may bring his claim until two years after "the disability" ceases. By "the disability," the Hafermans apparently mean Toby's developmental disability because they say that a child whose only "disability" is minority is subject to § 893.56.

¶ 23. In reality, however, the Hafermans' construction of § 893.16 is not a plain language construction at all. Were we to apply § 893.16 to Toby, either under the Hafermans' construction or some other construction, we would, at a minimum, have to rewrite the statute to do one of two things. Either we would have to write in "developmentally disabled" as an additional category of disability that is not presently included in the statutory language, or we would have to strike out the entire phrase "except for actions against health care providers" from § 893.16 so that the statute could apply to Toby based on his "disability" of minority. We would thus be rewriting the statute in a manner that appears to directly contravene the legislative intent. The plain language of the statute manifests the intent to exclude from its tolling provisions actions brought by children against health care providers.[6]

¶ 24. We turn next to the defendants' assertion that § 893.56 is the applicable statute of limitations and examine that assertion in light of the statute's plain

[6] The court of appeals determined that there were no facts of record establishing Toby is mentally ill, and the Hafermans are not disputing that determination in this court. We note that, for purposes of § 893.16, mental illness is defined as "a mental condition that renders a person functionally unable to understand or appreciate the situation giving rise to the legal claim so that the person can assert legal rights or functionally unable to understand legal rights and appreciate the need to assert them." *Storm v. Legion Ins. Co.*, 2003 WI 120, ¶ 46, 265 Wis. 2d 169, 665 N.W.2d 353. The condition of mental illness under § 893.16 may overlap the concept of developmental disability, "but it is not congruent with developmental disability." *Id.*, ¶ 48.

language. Section 893.56, entitled "Health care providers; minors actions," provides:

> Any person under the age of 18, *who is not under disability by reason of insanity, developmental disability or imprisonment,* shall bring an action to recover damages for injuries to the person arising from any treatment or operation performed by, or for any omission by a health care provider within the time limitation under s. 893.55 or by the time that person reaches the age of 10 years, whichever is later. That action shall be brought by the parent, guardian or other person having custody of the minor within the time limit set forth in this section.

(Emphasis added.)

¶ 25. Section 893.56 plainly and unambiguously excludes children who are "under disability by reason of . . . developmental disability." In order to apply § 893.56 to Toby, we would, at a minimum, have to strike out the words "developmental disability" from the statute. Again, we would be rewriting the statute in a manner that appears to directly contravene the legislative intent as manifest from the statute's plain language, here to exclude developmentally disabled children from the statute's reach.

¶ 26. Despite our reading of the plain language of § 893.56, the defendants maintain that § 893.56 applies to Toby, thereby barring Toby's cause of action because it was filed after he reached the age of 10. They argue that § 893.56 can be given an "alternative" construction that subjects Toby to the statute but avoids any need for the court to rewrite the statute.

¶ 27. Specifically, the defendants begin their "alternative" construction of § 893.56 with the premise that the legislature intended §§ 893.56 and 893.16 to be read in a complementary fashion. Next they assert that,

under § 893.16(3), a "disability" (including minority) for purposes of § 893.16 tolling must predate the accrual of the cause of action.[7] According to the defendants, the court therefore should not ask whether Toby had a developmental disability at the time he filed suit; instead, they assert, the court must ask whether Toby had a developmental disability at the time the cause of action accrued. Because he did not, the defendants argue, the exclusionary phrase in § 893.56 "drops out," and the 10–year repose period in § 893.56 applies.

¶ 28.   At oral argument, the defendants further developed their "alternative" construction. They asserted that the phrase "who is not under disability by reason of insanity, developmental disability or imprisonment" in § 893.56 was merely a "placeholder" for the legislature. According to the defendants, this was the legislature's "inartful" way of showing that a minor with some other disability may be able to receive additional tolling under § 893.16, but only if the other disability predated the accrual of the child's cause of action.

¶ 29.   The defendants asserted at oral argument that their construction "does no violence" to the statutes. In truth, however, it requires the court to rewrite both § 893.16 and § 893.56.

---

[7] Section 893.16(3) provides that "[a] disability does not exist, for the purposes of this section, unless it existed when the cause of action accrues." The court of appeals has on at least one prior occasion given the defendants' interpretation to § 893.16(3). *See Carlson v. Pepin County,* 167 Wis. 2d 345, 352, 481 N.W.2d 498 (Ct. App. 1992). Here, the court of appeals relied on § 893.16(3) as interpreted in *Carlson* as a secondary reason why § 893.16 could not apply to Toby. We need not reach the question of § 893.16(3)'s applicability because we determine based on the statute's plain language and legislative history that § 893.16(1) cannot apply here regardless of the operation of § 893.16(3).

¶ 30.   First, the defendants' "alternative" construction would require the court to write the phrase "at the time his or her cause of action accrued" into § 893.56. Under the defendants' construction, § 893.56 would actually read as follows:

> Any person under the age of 18, who is not under disability by reason of insanity, developmental disability or imprisonment *at the time his or her cause of action accrued,* shall bring an action to recover damages for injuries to the person arising from any treatment or operation performed by, or for any omission by a health care provider within the time limitation under s. 893.55 or by the time that person reaches the age of 10 years, whichever is later. . . .

Second, the defendants' construction would require the court to write in "developmentally disabled" as a disability that is generally eligible for tolling under § 893.16. According to the defendants, § 893.16(1) should actually provide as follows:

> If a person entitled to bring an action is, at the time the cause of action accrues, either under the age of 18 years, except for actions against health care providers; or mentally ill *or developmentally disabled,* the action may be commenced within 2 years after the disability ceases, except that where the disability is due to mental illness, the period of limitation prescribed in this chapter may not be extended for more than 5 years.

¶ 31.   Thus, the defendants' proffered "alternative" construction of § 893.56 requires us to rewrite not only § 893.56 but also § 893.16. Just as we have rejected the Hafermans' assertion that § 893.16 applies to Toby by its plain language, we also reject the defendants' assertion that § 893.56 can be applied to Toby without rewriting the statutes. In short, neither the Hafermans'

construction of § 893.16 nor the defendants' construction of § 893.56 passes muster under the plain language of the statutes.

¶ 32. We recognize, of course, as do the parties, that the legislature intended for §§ 893.16 and 893.56 to work together. *See Storm,* 265 Wis. 2d 169, ¶ 26 ("[l]anguage in § 893.16 and in § 893.56 . . . strongly indicates that they are meant to apply in tandem"); *id.,* ¶ 30 ("the exception for minors in § 893.16(1) creates symmetry between these two statutes").

¶ 33. Unfortunately, however, reading the statutes together does not supply a plain-language answer to the question of whether the legislature intended for either § 893.16 or § 893.56 to apply in a case such as this one. In *Aicher,* the court previously noted the apparent gap with which we are now faced: "Aicher correctly reads Wis. Stat. § 893.56 to exclude the developmentally disabled, and she also correctly notes that Wis. Stat. § 893.16 does not provide the developmentally disabled with an extension for filing medical malpractice actions." *Aicher,* 237 Wis. 2d 99, ¶ 73.

¶ 34. This gap was also recognized in *Zielke v. Wausau Memorial Hospital,* 529 F. Supp. 571 (W.D. Wis. 1982), the case on which the circuit court relied. In *Zielke,* a federal district court observed that "[t]he interplay of these two statutes is somewhat abstruse because 'developmental disability' is not one of the disabilities covered under [the statute that is now § 893.16] . . . ." *Zielke,* 529 F. Supp. at 577.

¶ 35. The problem created by this gap as identified in *Aicher* and *Zielke* is that the court is left without any clear guidance in the language of the statutes as to what the legislature intended with regard to the limitation period for claims against health care providers alleging injury to developmentally disabled children. In

an attempt to discern the legislative intent, we must delve deeper into the history of the statutes as discussed in *Storm* and *Aicher.*

¶ 36. Before 1977, there was no statute like § 893.56. However, a predecessor statute to § 893.16(1), Wis. Stat. § 893.33, did exist prior to 1977. It provided tolling for all children in most types of actions, including actions against health care providers, until the age of majority plus one year.[8]

¶ 37. Then, in 1977, the legislature simultaneously amended § 893.33 (now § 893.16(1)) and created Wis. Stat. § 893.235 (now § 893.56). *See* ch. 390, Laws of 1977. As amended, § 893.33 excluded tolling for actions against health care providers brought by children:

> 893.33 Persons under disability. If a person entitled to bring an action mentioned in this chapter, except actions for the recovery of a penalty or forfeiture or against a sheriff or other officer for an escape, or for the

---

[8] The predecessor statute, Wis. Stat. § 893.33 (1975), read as follows:

893.33 Persons under disability. If a person entitled to bring an action mentioned in this chapter, except actions for the recovery of a penalty or forfeiture or against a sheriff or other officer for an escape, or for the recovery of real property or the possession thereof be, at the time the cause of action accrued, either

(1) Within the age of 18 years; or

(2) Insane; or

(3) Imprisoned . . . , the time of such disability is not a part of the time limited for the commencement of the action, except that the period within which the action must be brought cannot be extended more than 5 years by any such disability, except infancy; nor can it be so extended in any case longer than one year after the disability ceases.

recovery of real property or the possession thereof be, at the time the cause of action accrued, either

(1) Within the age of 18 years, *except for actions against health care providers;* or

(2) Insane; or

(3) Imprisoned on a criminal charge or in execution under sentence of a criminal court for a term less than his natural life, the time of such disability is not a part of the time limited for the commencement of the action, except that the period within which the action must be brought cannot be extended more than 5 years by any such disability, except infancy; nor can it be so extended in any case longer than one year after the disability ceases.

(Emphasis added.)

¶ 38.   As this court observed in *Aicher,* the bill that led to the creation of § 893.56 (then § 893.235) "tracked precisely" the language of § 893.33 in that the bill referred to insanity and imprisonment but made no reference to "developmental disability." *Aicher,* 237 Wis. 2d 99, ¶ 73 n.19. However, the Senate inserted a handwritten floor amendment that added the phrase "developmental disability" before the final bill was enrolled. *See id.;* ch. 390, Laws of 1977, Legislative drafting file.

¶ 39.   The act that simultaneously created § 893.56 (then § 893.235) and amended § 893.16(1) (then § 893.33), is a one-page act. It was entitled "AN ACT to amend 893.33(1); and to create 893.235 of the statutes, relating to time limitations on actions against health care providers brought by or on behalf of minors."

¶ 40.   Five legislative findings accompanied the act:

(a) The number of suits and claims for damages arising from professional patient care has increased tremendously in the past several years and the size of judgments and settlements in connection therewith has increased even more substantially, *especially in the case of minors.*

(b) The effect of the increasing frequency of judgment and settlements and the increasing size of these judgments and settlements, *particularly in the case of minors,* has been to cause the insurance industry uniformly and substantially to increase the reserves it has established to provide for potential liability arising from *suits by and on behalf of minors.*

(c) These increased reserves have resulted in increased insurance costs which have been passed on to health care providers in the form of higher premiums and to patients in the form of higher charges for health care services and facilities.

(d) That *the interests of minor children can be adequately and fully protected by adopting the same time limit for bringing actions as applies to adults, except in the case of very young children.*

(e) That *the interests of very young minor children can be adequately and fully protected by extending the time limits in which actions may be brought to age 10.*

(Emphasis added.)

¶ 41. What is most noteworthy about the act's title and the legislative findings is that they do not indicate any intent to provide a shorter statute of limitations for children who are developmentally disabled than for those who are not developmentally disabled. At the same time, the findings indicate that the legislature viewed the act as first limiting the overall applicable time period for medical malpractice

actions by children, but then "extending" these newly-created time limits for "very young children."

¶ 42.    This court has previously summarized much of this history in *Storm:*

> The legislature has indicated an express intent to curtail the application of § 893.16 to medical malpractice actions with respect to minors. Section 893.16 excludes children under the age of 18 that are bringing actions against health care providers from the tolling provisions of the statute. *See* Wis. Stat. § 893.16(1). The reason for this exclusion is that there is a specific statute for medical malpractice actions by minors[,] Wis. Stat. § 893.56. . . . The exception for claims by minors against health care providers was added when § 893.56 [then § 893.235] was created. *See* Ch. 390, Laws of 1977.

*Storm,* 265 Wis. 2d 169, ¶ 30 (footnotes omitted).[9]

---

[9] The dissent focuses on the legislature's insertion of "developmental disability" into § 893.56 without any corresponding change to § 893.16. Describing this as a "legislative mistake," the dissent then attempts to "devise a response" by staging its own re-enactment of historical events. Dissent, ¶¶ 63, 70–75.

In the end, the dissent's re-enactment of historical events is of little assistance because the statutory analysis it employs is inconsistent with our case law on statutory interpretation. *See, e.g., State ex rel. Kalal v. Circuit Court,* 2004 WI 58, ¶¶ 45–52, 271 Wis. 2d 633, 681 N.W.2d 110. After describing the handwritten floor amendment offered by Senator McKenna, the dissent laments:  "We have no direct evidence of Senator McKenna's actual intent." Dissent, ¶ 75. The dissent then explores several possible motivations of the senator. In focusing on the "actual intent" of one member of the senate, the dissent answers the wrong question. The question is not:   what was the intent of a single legislator? Rather, the question is:   what was intended by the legislature as a whole, given the language of the statutes?

¶ 43.  In light of this history, we return to the issue of what statute of limitations the legislature intended to apply to a claim against a health care provider alleging injury to a developmentally disabled child. As our citations above to *Aicher* and *Storm* indicate, this court has previously addressed the legislative intent behind §§ 893.56 and 893.16.

¶ 44.  In *Aicher,* we concluded that the correct interpretation of § 893.56 reveals that the developmentally disabled are excluded from the statute. After reviewing the text of the statute and tracing the legislative history, the *Aicher* court stated:

> Wisconsin Stat. § 893.56 has remained unchanged from July 1, 1980, until the present. It provides in part that, "Any person under the age of 18, *who is not under disability by reason of insanity, developmental disability or imprisonment,* shall bring an action . . . within the time limitations under s. 893.55 or by the time that person reaches the age of 10 years, whichever is later."

*Aicher,* 237 Wis. 2d 99, ¶ 71 (emphasis in original).

¶ 45.  Relying on the text of the statute and its legislative history, we concluded:  "Aicher correctly reads Wis. Stat. § 893.56 *to exclude the developmentally disabled . . . .*" *Id.,* ¶ 73 (emphasis added).

¶ 46.  Shortly after *Aicher,* we again had an opportunity to interpret § 893.56, this time in the context of examining the exception for the disability of "insanity" (mental illness). Our interpretation remained the same. We concluded that "the statute *specifically exempts minors suffering under a disability by reason of mental illness . . . .*" *Storm,* 265 Wis. 2d 169, ¶ 32 (emphasis added).

¶ 47.  Now, the defendants would have us change our interpretation. They would have us conclude that

we were in error in *Aicher* when we determined that the developmentally disabled are excepted from § 893.56. Likewise, they would have us retract our interpretation in *Storm* where we concluded that those suffering from mental illness are exempted from § 893.56.

¶ 48.  We see no good reason to confess error in *Aicher* or retract our interpretation in *Storm*. The plain language of § 893.56, together with its legislative history, dictated our interpretation of the statute in *Aicher* and *Storm,* and the plain language and legislative history dictate the same interpretation today. Those who are disabled by developmental disabilities or mental illness are not covered by the limitation set forth in § 893.56 because they are, and were intended to be, specifically exempted from that statute.

¶ 49.  The court also interpreted § 893.16 in both *Aicher* and *Storm*. We determined in *Aicher* that "Wis. Stat. § 893.16 does not provide the developmentally disabled with an extension for filing medical malpractice actions." *Aicher,* 237 Wis. 2d 99, ¶ 73. Then, in *Storm,* we determined as follows:

> The legislature has indicated an express intent to curtail the application of § 893.16 to medical malpractice actions with respect to minors. Section 893.16 *excludes children under the age of 18 that are bringing actions against health care providers from the tolling provisions of the statute.*

*Storm,* 265 Wis. 2d 169 (emphasis added).

¶ 50.  The Hafermans, however, would now have the court change our interpretation of § 893.16. They would have us conclude that we were mistaken in *Aicher* when we determined that § 893.16 does not apply to the developmentally disabled. Further, they would have us overrule our determination in *Storm*

643

that § 893.16 does not apply to children under the age of 18 bringing actions against health care providers.

¶ 51. Just as we see no reason to confess error in *Aicher* or retract our interpretation in *Storm* with respect to § 893.56, we see no reason to think we were mistaken in *Aicher* or to overrule our determination in *Storm* with respect to § 893.16. Neither those who are under the age of 18 nor the developmentally disabled are covered by the tolling provisions set forth in § 893.16.

■

¶ 52. Accordingly, we decline to rewrite either § 893.16 or § 893.56. We determine that by the plain language of the statutes and their legislative history, neither § 893.16 nor § 893.56 applies to a negligence claim alleging injury to a developmentally disabled child caused by a health care provider.

¶ 53. The court of appeals majority avoided re-writing the statutes because it concluded that the general three-year statute of limitations, § 893.55, must apply to Toby in the absence of another applicable statute of limitations. We note that no party advances this conclusion by the court of appeals majority. Even the court of appeals majority acknowledged that its conclusion was "troubling."

¶ 54. We disagree with the conclusion of the court of appeals majority that § 893.55 is applicable here. The legislature could not have intended that developmentally disabled children bringing actions against health care providers would be subject to a shorter statute of limitations than would other children bringing medical malpractice actions.

¶ 55. This court has already observed that the exclusion of developmentally disabled children from

both § 893.16 and § 893.56 was likely intended to give such children more time rather than less time:

> We suspect that this discrepancy is the result of oversight rather than purposeful discrimination. It is likely that the legislature's intent was to extend the period of filing for persons with developmental disabilities, not reduce it.

*Aicher,* 237 Wis. 2d 99, ¶ 73.[10]

¶ 56. Thus, much like the court of appeals dissent and the circuit court, we determine that the application of § 893.55 to claims against health care providers alleging injury to a developmentally disabled child would work an absurd and illogical result that the legislature could not have intended. We follow the "fundamental rule of statutory construction that any result that is absurd or unreasonable must be avoided." *Lake City Corp. v. City of Mequon,* 207 Wis. 2d 155, 162, 558 N.W.2d 100 (1997); *accord Hamilton v. Hamilton,* 2003 WI 50, ¶ 39, 261 Wis. 2d 458, 661 N.W.2d 832; *State v. Zielke,* 137 Wis. 2d 39, 51, 403 N.W.2d 427 (1987).

---

[10] The dissent relegates *Aicher v. Wisconsin Patients Compenation Fund,* 2000 WI 98, 237 Wis. 2d 99, 613 N.W.2d 849, to a footnote in an attempt to downplay its significance. We note that our interpretation of the legislative intent as set forth in *Aicher* differs from that advanced by the dissent today. Five years ago, the court in *Aicher* concluded that the legislative intent was to give developmentally disabled children more time to file than that given to non-developmentally disabled children. Now, in striking out language from § 893.56, the dissent concludes that the legislative intent was to give developmentally disabled children the same time as other children. *See* dissent, ¶ 89.

¶ 57.   We are compelled to determine, based on this rule, that § 893.55 does not apply to claims against health care providers alleging injury to a developmentally disabled child. *Cf. South Milwaukee Sav. Bank v. Barczak*, 229 Wis. 2d 521, 535, 600 N.W.2d 205 (Ct. App. 1999) (quoting *Saunders v. DEC Int'l, Inc.*, 85 Wis. 2d 70, 74, 270 N.W.2d 176 (1978)) ("Reviewing courts must interpret statutes of limitations so that 'no person's cause of action will be barred unless clearly mandated by the legislature.' ").[11]

¶ 58.   Accordingly, we further determine that the legislature has not provided a statute of limitations for claims against health care providers alleging injury to a developmentally disabled child. This determination is the only determination the court is able to reach without either rewriting the statutes or working an absurd and illogical result.

¶ 59.   We cannot act in the legislature's stead. The gap in the statutes of limitations was previously brought to the attention of the legislature in *Zielke*, 529 F. Supp 571, and again in *Aicher.* We once again bring to the attention of the legislature this gap in the statutory scheme.[12]

---

[11] The application of § 893.55 to claims against health care providers alleging injury to developmentally disabled children may also be foreclosed by the equal protection clauses of the federal and state constitutions. Having determined, however, that § 893.55 does not apply here because its application would produce an absurd result that must be avoided, we need not address this constitutional question.

[12] The dissent attacks our conclusion as lacking in "judicial restraint." Dissent, ¶ 90. We think this odd under the circumstances for at least three reasons.

¶ 60. As a final note, we observe that, even in the absence of legislative action, the affirmative defense of laches remains available in an appropriate case. The court has stated the elements for laches as follows:

> For laches to arise, there must be unreasonable delay, lack of knowledge on the part of the party asserting the defense that the other party would assert the right on which he bases his suit, and prejudice to the party asserting the defense in the event that the suit is maintained.

*Watkins v. Milwaukee County Civil Serv. Comm'n,* 88 Wis. 2d 411, 422, 276 N.W.2d 775 (1979). More recently, the court of appeals stated the elements similarly:

> For laches to bar a claim, an unreasonable delay must occur, the plaintiff must know the facts and take no action, the defendant must not know the plaintiff would assert the right on which the suit is based, and prejudice to the defendant must occur.

*Policemen's Annuity & Benefit Fund v. City of Milwaukee,* 2001 WI App 144, ¶ 20, 246 Wis. 2d 196, 630 N.W.2d 236 (quoting *Jensen v. Janesville Sand & Gravel Co.,* 141 Wis. 2d 521, 529, 415 N.W.2d 559 (Ct. App. 1987)).

---

First, the dissent reaches out and unnecessarily decides constitutional questions.

Second, it rewrites the statutory scheme.

Third, the dissent makes a policy choice in the legislature's stead while acknowledging that it is unclear whether this is the choice the legislature would have made. Apparently, the dissent has forgotten its recent admonition that the court is not meant to function as a "super-legislature." *Ferdon ex rel. Petrucelli v. Wisconsin Patients Comp. Fund,* 2005 WI 125, ¶ 204, 284 Wis. 2d 573, 701 N.W.2d 440 (Prosser, J., dissenting).

## IV

¶ 61.   In sum, we conclude that the legislature has not provided a statute of limitations for a claim against a health care provider alleging injury to a developmentally disabled child. Therefore, Toby's action is not time-barred. We reverse the court of appeals and remand to the circuit court for further proceedings consistent with this opinion.

*By the Court.*—The decision of the court of appeals is reversed, and the cause is remanded to the circuit court for further proceedings consistent with this opinion.

¶ 62.   DAVID T. PROSSER, J. (*dissenting*).   The issue presented in this case is what statute of limitations applies to a developmentally disabled person under the age of 18 who brings an action against a health care provider alleging that the provider's acts or omissions caused the person's developmental disability. The majority concludes that the legislature failed to set out an applicable statute of limitations for this situation. I conclude that a developmentally disabled person must bring his or her action within one of the time limitations under Wis. Stat. § 893.55, or by the time the person reaches the age of 10 years, whichever period is longer. Because my analysis produces a different result from the majority's analysis, I respectfully dissent.

## ANALYSIS

¶ 63.   This case exposes an obvious legislative mistake, which renders the legislature's blueprint for certain litigants ambiguous. Under the circumstances, this

648

court is required to devise a response that will carry forward legislative objectives.[1]

¶ 64.   Wisconsin Stat. § 893.55(1) (2003–04)[2] provides:

893.55 Medical malpractice; limitation of actions; limitation of damages; itemization of damages.

(1)   Except as provided by subs. (2) and (3), an action to recover damages for injury arising from any treatment or operation performed by, or from any omission by, a person who is a health care provider, regardless of the theory on which the action is based, shall be commenced within the later of:

(a)   Three years from the date of the injury, or

(b)   One year from the date the injury was discovered or, in the exercise of reasonable diligence should have been discovered, except that an action may not be commenced under this paragraph more than 5 years from the date of the act or omission.

¶ 65.   This is the statute of limitations that governs most malpractice actions against health care providers. It embodies a three-year limitation period "from the date of the injury," or a one-year limitation period "from the date the injury was discovered" so long as the discovery date is not "more than 5 years from the date of the act or omission." Under this statute, a claimant may opt for the more favorable of the two limitation periods.

¶ 66.   The legislature has created exceptions to the limitation periods in this medical malpractice statute. *See, e.g.,* Wis. Stat. §§ 893.22, 893.55(2) and (3), and

---

[1] See discussion in ¶ 75, *infra.*

[2] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

893.56. It has also created statutes that toll these limitation periods. *See, e.g.,* Wis. Stat. §§ 655.44(4) and 893.16(1).

¶ 67.   This case involves the interplay among Wis. Stat. §§ 893.55, 893.56, and 893.16(1). Wisconsin Stat. § 893.56 creates an exception to § 893.55(1) for some medical malpractice actions by minors. It states:

> 893.56   Health care providers; minors actions. Any person under the age of 18, *who is not under disability by reason of insanity, developmental disability or imprisonment,* shall bring an action to recover damages for injuries to the person arising from any treatment or operation performed by, or for any omission by a health care provider within the time limitation under s. 893.55 or by the time that person reaches the age of 10 years, whichever is later. That action shall be brought by the parent, guardian or other person having custody of the minor within the time limit set forth in this section. (Emphasis added.)

¶ 68.   Wisconsin Stat. § 893.16(1), a tolling statute for persons under a "disability," affects medical malpractice actions by persons who are mentally ill. It reads:

> (1) If a person entitled to bring an action is, at the time the cause of action accrues, either under the age of 18 years, except for actions against health care providers; or mentally ill, the action may be commenced within 2 years after the disability ceases, except that where the disability is due to mental illness, the period of limitation prescribed in this chapter may not be extended for more than 5 years.

¶ 69.   The underlined language in § 893.56 would make perfect sense if it tracked the tolling provisions in § 893.16. Unfortunately, it does not. Section 893.56 uses the term "insanity," whereas § 893.16 uses the terms

"mentally ill" and "mental illness." Section 893.56 includes the terms "developmental disability" and "imprisonment" but these terms do not appear in § 893.16.

¶ 70.  The historical record explains the inconsistency.[3] In 1977 Representative Tom Hanson introduced 1977 Assembly Bill 705 at the request of "The Malpractice Committee." The bill sought to *create* a new section, 893.235, that would read:

> 893.235 Health Care Providers; Minors Actions. Any person under the age of 18, who is not under disability by reason of insanity or imprisonment, shall bring an action to recover damages for injuries to the person arising from any treatment or operation performed by, or for any omission by, a person who is licensed, certified, registered or authorized to practice as a health care provider under state law within the time limitation under s. 893.295(1) or by the time that person reaches the age of 8 years, whichever is later. That action shall be brought by the parent, guardian or other person having custody of the minor within the time limit set forth in this section.

This proposed section was to become the predecessor of § 893.56.

¶ 71.  1977 Assembly Bill 705 also amended an existing section, § 893.33, which would thereafter read in part:

> 893.33 Persons under disability. If a person entitled to bring an action mentioned in this chapter, except actions for the recovery of a penalty or forfeiture or against a sheriff or other officer for an escape, or for the

---

[3] 1997 Wisconsin Act 133 amended Wis. Stat. § 893.16(1) by changing "insane" and "insanity" to "mentally ill" and "mental illness" and striking the words "imprisoned" and "imprisonment."

recovery of real property or the possession thereof be, at the time the cause of action accrued, either

(1) Within the age of 18 years, *except for actions against health care providers;* or

(2) Insane; or

(3) Imprisoned on a criminal charge . . . the time of such disability is not a part of the time limited for the commencement of the action, except that the period within which the action must be brought cannot be extended more than 5 years by any such disability, except infancy; nor can it be so extended in any case longer than one year after the disability ceases.

Wis. Stat. § 893.33 (1977–78) (emphasis added showing new language).[4] This section was the predecessor of § 893.16. If Assembly Bill 705 had passed exactly as introduced, the predecessors to §§ 893.16 and 893.56 would have tracked each other perfectly to create a coherent system of limitations and tolling periods.

¶ 72. The intended symmetry was short-lived, however, because of a legislative mistake that occurred on March 2, 1978. 1977 Assembly Bill 705 was introduced on April 27, 1977. It was debated and passed the Assembly on September 14, 1977, with one amendment. The Senate debated the bill on March 2, 1978. As in the Assembly, there was a heated dispute in the Senate over the age limitation in what is now § 893.56. Should it be 8, as in the original bill? Should it be 13, as provided in the amendment adopted by the Assembly?

---

[4] Subsections (2) and (3) of the section are printed above to show the new language in context. Because these two subsections had been enacted previously, they did *not* appear in 1977 Assembly Bill 705. This helps to explain the legislative "mistake" described in ¶ 73, *infra.*

Or, should it be 10, as proposed in Senate Amendment 1? The controversy was so spirited in the Senate that a motion to refer the bill back to committee lost on a tie vote.

¶ 73. Immediately after the Senate adopted Senate Amendment 1, Senator Dale McKenna offered Senate Amendment 2, an unrelated, handwritten amendment adding "developmental disability" as a "disability" in proposed § 893.235 (now § 893.56). The amendment was adopted on a voice vote. Senator McKenna never attempted to amend then-existing § 893.33 (now § 893.16), so that the newly created section (§ 893.235) and the old statute (§ 893.33) would track each other and work together. His amendment destroyed any symmetry in the law.

¶ 74. The Assembly subsequently battled over Senate Amendment 1, ultimately concurring in it; but the Assembly either did not notice or did not act to fix the problem created by Senator McKenna's Senate Amendment 2.

¶ 75. We have no direct evidence of Senator McKenna's actual intent. He presumably intended that all minors with developmental disabilities have additional time to file their actions against health care providers. If this were his intent, he failed to effect that intent by also amending the tolling statute (§ 893.33).[5]

---

[5] In 2000 in *Aicher v. Wisconsin Patients Compensation Fund*, 2000 WI 98, ¶ 73, 237 Wis. 2d 99, 613 N.W.2d 849, the court stated: "We suspect that this discrepancy is the result of oversight rather than purposeful discrimination. It is likely that the legislature's intent was to extend the period of filing for persons with developmental disabilities, not reduce it." If these speculative comments were correct, the McKenna amendment would represent a classic example of good intentions not being sufficient to overcome contradictory statutory language.

He could have intended simply to recognize "developmental disability" as a legal disability without thinking through the implications of his action.[6] He could have intended to create a defect in the bill that would, when discovered, jeopardize its passage by requiring the bill to return to the Senate.[7] He could have intended to legislate a shorter limitation period for minors with developmental disabilities than for other minors. Although this last motivation for the amendment is unlikely, the effect of the McKenna amendment was to treat part of the class of minors with developmental disabilities less favorably than *all* other classes of children.

¶ 76.   This brings us to the issue at hand. The court of appeals concluded that the applicable statute in this case is Wis. Stat. § 893.55(1)(a). *Haferman v. St. Clare Healthcare Found.*, 2004 WI App 206, ¶¶ 1, 13, 272 Wis. 2d 156, 689 N.W.2d 636. It noted that, "The result in this case is troubling given that the legislature has, through Wis. Stat. § 893.56, provided more time for young children to file medical malpractice suits than the three years provided in Wis. Stat. § 893.55(1)(a)."

---

[6] The Chapter 51 mental health statutes were revised in 1976, during Senator McKenna's senate term. This legislation included the first definition of "developmental disability." *See* § 11, ch. 430, Laws of 1975; Wis. Stat. § 51.01(5). In 1978 the legislature was still in the process of working the term "developmental disability" into the statutes.

[7] This possibility is not implausible. Senator McKenna voted to reject Senate Amendment 1 (meaning that he favored age 13 over age 10 in proposed Wis. Stat. § 893.235); he voted to refer the bill back to the Committee on Judiciary and Consumer Affairs; and he voted to non-concur in 1977 Assembly Bill 705, meaning that he voted to defeat the bill. *See* Wis. S. Journal 1873–74 (Mar. 2, 1978).

*Id.,* ¶ 13, n.5. The dissenting judge, Charles Dykman, declared this result "absurd." *Id.,* ¶ 15 (Dykman, J., dissenting).

¶ 77. The present majority provides a sound analysis until it reaches § 893.55:

> The court of appeals majority avoided rewriting the statutes because it concluded that the general three-year statute of limitations, § 893.55, must apply to Toby [Haferman] in the absence of another applicable statute of limitations. . . .
>
> We disagree with the conclusion of the court of appeals majority that § 893.55 is applicable here. The legislature could not have intended that developmentally disabled children bringing actions against health care providers would be subject to a shorter statute of limitations than would other children bringing medical malpractice actions.

Majority op., ¶¶ 53–54.

¶ 78. "We are compelled to determine . . . " the majority continues, "that § 893.55 does not apply to claims against health care providers alleging injury to a developmentally disabled child." *Id.,* ¶ 57. "Accordingly, we further determine that the legislature has not provided a statute of limitations for claims against health care providers alleging injury to a developmentally disabled child." *Id.,* ¶ 58.

¶ 79. The majority's resolution of the issue is unpersuasive and creates new problems.

¶ 80. First, it is a mistake to reject § 893.55 so quickly. Applying § 893.55(1)(a) or (b) to a developmentally disabled child for an alleged injury from medical malpractice that occurs *on or after* the child's seventh birthday is not discriminatory because the child will be treated exactly the same as all other minors who are not

655

"insane." Moreover, § 893.55(2) and (3) will assist any minor in specific circumstances.

¶ 81. The only time a problem arises under § 893.55(1)(a) is when the statute is applied to a developmentally disabled child for an alleged injury from medical malpractice *before* the child's seventh birthday. In that situation, the developmentally disabled child is given less time to file suit than almost all other children of the same age. This result is indisputably discriminatory.

¶ 82. The statutory language that creates the "as applied" problem for young children is the phrase "developmentally disabled" in § 893.56 because that phrase excludes young developmentally disabled children from the benefits of the statute. The presumed good intentions behind the phrase cannot save it from its irrational and discriminatory effect in cases of developmentally disabled children under age seven. As applied to these children, the phrase is unconstitutional as a denial of equal protection of the law.

¶ 83. Second, the majority creates a new problem not because it wants to treat some developmentally disabled children the same as other children but because it decides to treat *all* developmentally disabled children more favorably than other children.

¶ 84. If a health care provider's negligence caused a child to become developmentally disabled at birth and the child brought suit *eight* years later, the members of this court would have no difficulty striking down the "developmentally disabled" exclusion in § 893.56 because the disparate treatment of developmentally disabled children would be obvious and correctable. We would employ the same equal protection analysis that

656

Amy Aicher attempted to use to challenge § 893.56, although she was not developmentally disabled.[8]

¶ 85.  The majority resolves the issue here by giving Toby Haferman more time to file suit than we gave Amy Aicher. Indeed, the majority opinion gives all developmentally disabled children more favorable treatment than other children. To illustrate, when a 12–year-old is injured through medical malpractice, the child is governed by the provisions of § 893.55. When a 12–year-old developmentally disabled child is injured through medical malpractice, the child now has no statute of limitations at all.

¶ 86.  In contrast, if we were to strike the phrase "developmentally disabled" in § 893.56, we would put developmentally disabled children on the same footing as other children. The legislature could grant these children more generous treatment if it enacted legislation to do so.

¶ 87.  Third, by creating a special category for developmentally disabled persons under the age of 18, the court disregards the legislative finding that "the interests of very young minor children can be adequately and fully protected by extending the time limits in which actions may be brought to age 10." *See* Majority op., ¶ 40 (quoting 1977 A.B. 705, § 1). The court also creates a potential problem in relation to "imprisoned" minors who are injured from malpractice, inasmuch as these minors now have the same status as developmentally disabled children; that is, they are excepted from § 893.56 but are not covered in § 893.16.

¶ 88.  Although it relies on the ambiguity of the statutes to reach its decision, the majority fails to provide any policy rationale why developmentally dis-

---

[8] *See Aicher,* 237 Wis. 2d 99.

abled children should be treated more favorably than other children. A developmentally disabled child is not expected to file suit personally. Rather, an action in behalf of such a child will be brought by the parent, guardian, or other person having custody of the child, as provided in § 893.56. The majority provides no explanation of why the parent, guardian, or other person having custody of a developmentally disabled child should not be bound by a statute of limitations in filing a medical malpractice suit.

¶ 89.   Application of § 893.55 to developmentally disabled children under 7 violates equal protection of the law. But § 893.55 applies only because § 893.56 excepts minors with developmental disabilities from its purview. Therefore, the exception in § 893.56 is unconstitutional as applied. Striking this exception would eliminate the constitutional infirmity of these statutes and sidestep the bizarre conclusion that no statute of limitations applies to minors with developmental disabilities.

¶ 90.   The majority authorizes suit in this case more than 11½ years after the child's alleged injury and boasts in doing so that it has avoided rewriting the statute. Majority op., ¶ 58. This is not judicial restraint. It is not judicial restraint because it disregards completely the purpose of statutes of limitation in medical malpractice actions.[9] Excising unconstitutional

---

[9] The majority opinion correctly recounts the five legislative findings that accompanied ch. 390, Laws of 1977. Majority op., ¶ 40. Although the majority notes the legislative intent to limit actions by minors against health care providers, it finds "noteworthy" that these legislative findings do not "provide a shorter statute of limitations for children who are developmentally disabled[.]" *Id.*, ¶ 42. Equally noteworthy, however, is that the findings do not provide a longer statute of limitations for

language from an obviously defective statute is the common sense solution and is no more problematic than removing a ruptured appendix from an otherwise healthy body.

¶ 91.   I therefore respectfully dissent.

¶ 92.   I am authorized to state that Justices JON P. WILCOX and PATIENCE DRAKE ROGGENSACK join this opinion.

---

developmentally disabled children. By focusing on a finding that does not exist, the majority lays the foundation upon which it disregards the overriding legislative intent at work in the late 1970s: limiting the time period in which *all* persons could bring medical malpractice actions.